UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REGINA LEWIS,<br><br>                              Plaintiff,<br><br>        v.<br><br>BARRY MARLOW AND EDWARD CAMPBELL,<br><br>                              Defendants. | No. 17-CV-8101 (KMK)<br><br>ORDER |

Appearances:

KENNETH M. KARAS, United States District Judge:

  Regina Lewis ("Plaintiff") has submitted a letter to the Court requesting to reopen this Action. (See Letter from Regina Lewis to Court ("Lewis Letter") (January 19, 2023) (Dkt. No. 128).) The Court dismissed Plaintiff's case with prejudice pursuant to Fed R. Civ. P. 37 on July 13, 2021 because of Plaintiff's refusal to comply with her discovery obligations and her abusive behavior toward other litigants and the Court. (*See* Order ("Dismissal Order") (Dkt. No. 124).) Plaintiff appealed that dismissal to the Second Circuit (*see* Not. of Appeal (Dkt. No. 125)), and the Second Circuit dismissed her appeal because, based on orders issued in prior appeals she had filed, she was required to seek the Second Circuit's leave before filing a new appeal but failed to do so. (*See* Dkt. No. 127.) For the reasons that follow, Plaintiff's request to reopen her case is denied.

  "Federal Rule of Civil Procedure 60(b) governs motions for relief from a final judgment or order and provides six independent grounds for relief." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005). Motions for relief filed under Rule 60(b)(1)-(3) must be made within

one year of "the entry of the . . . order [terminating the case]." Fed.R.Civ.P. 60(c)(1). "The one-year limitation period for Rule 60(b) motions is 'absolute.'" *Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemporary Dance, Inc.*, 466 F.3d 97, 100 (2d Cir.2006) (quoting *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir.2000)). Plaintiff's case was closed on July 13, 2021—over 18 months ago—so she cannot proceed on any of those bases.

Under Rule 60(b)(4) or (5), a party may request relief from a judgment where "the judgment is void," or where "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable," but these bases are unavailable to Plaintiff because her case was terminated because of her abusive behavior during litigation and her failure to comply with discovery deadlines, (*see generally* Dismissal Order), not because of a judgment, *see*, *e.g.*, *Castelluzzo v. Consol. Edison Co. of New York, Inc.*, No. 08-CV-2000, 2016 WL 7336863, at *4 (E.D.N.Y. Dec. 15, 2016) (denying request to reopen case under Rule 60(b)(4) or (5) because the order dismissing the case for failure to prosecute was "not 'void,' it was not a judgment that has 'been satisfied,' it was not based upon a prior decision that has 'been reversed or otherwise vacated,' and it [was] not the case that 'it is no longer equitable that the judgment should have a prospective application.'") (quoting Fed. R. Civ. P. 60(b)(4)–(5))).

Finally, under Rule 60(b)(6), a party may move for relief from a judgment for "any other reason that justifies relief." However, the Second Circuit has interpreted Rule 60(b) to provide a basis for relief only in "extraordinary circumstances, or where the judgment may work an extreme and undue hardship," *Pichardo v. Ashcroft*, 374 F.3d 46, 56 (2d Cir.2004) (quoting *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir.1986), *cert. denied*, 480 U.S. 908 (1987)), "and when the asserted grounds for relief are not recognized in clauses (1)-(5) of [Rule 60(b)],"

2

*Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir.1986) (citing *Matter of Emergency Beacon Corp.*, 666 F.2d 754, 758 (2d Cir.1981).

Plaintiff does not suggest that there are any extraordinary grounds for the relief she requests.  In addition to claims and injuries that she previously alleged resulted from her treatment while committed at Mid-Hudson Psychiatric Center (*see* Compl. (Dkt. No. 1); Am. Compl. (Dkt. No. 21)), Plaintiff now also claims that her 2016 arrest was the result of malicious prosecution because the statute she pled to violating was not the same as the statute under which she was initially charged, (*see* Lewis Letter 1–2).  However, adding new claims is insufficient to justify relief from dismissal with prejudice, particularly since the dismissal of Plaintiff's case resulted from her failure to comply with her discovery obligations.  *See*, *e.g.*, *Dunn v. Albany Med. Coll.*, No. 09-CV-1031, 2010 WL 11527112, at *4 (N.D.N.Y. Oct. 1, 2010), *aff'd*, 445 F. App'x 431 (2d Cir. 2011) (denying plaintiff's 60(b) motion after dismissal under Rule 37 in part because "[d]efendant . . . had to make multiple requests upon [p]laintiff for the latter to comply with his obligations, investing time and resources into prodding [p]laintiff to prosecute his case. [p]laintiff [did] nothing but delay in response."); *Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 359 (2d Cir. 2020) (summary order) (finding district court did not abuse its discretion in denying Rule 60(b) motion after dismissal pursuant to Rule 37 where plaintiff "presented new evidence in support of his post-judgment motion, but it . . . had no bearing on his ability to timely respond to the defendants' discovery demands and thus no bearing on whether his [pre-dismissal] failure to do so was excusable.").

SO ORDERED.

Dated: January 27, 2023
       White Plains, New York

_____
KENNETH M. KARAS
United States District Judge